Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, December 18, 2007 1:47:30 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: )
)
JOHN T. CAMPBELL ) Case No. 07-457
)
    Debtor. ) Chapter 13

## MEMORANDUM OPINION

    John T. Campbell (the "Debtor") filed his Chapter 13 bankruptcy petition on April 10, 2007. Before his plan could be confirmed, the Debtor found a purchaser for his real property, and, instead of selling the property through his Chapter 13 proceeding, he filed a motion to voluntarily dismiss his case on August 29, 2007. On August 31, 2007, the Debtor sold his real property to a third-party purchaser for $162,000. Edward Walsh, Jr., seeks to set aside the sale of the property on the grounds that it occurred before the court entered an order dismissing the Debtor's case, and the Debtor failed to follow the sale procedures set forth in 11 U.S.C. § 363(b). Mr. Walsh also accuses the Debtor of gaming the bankruptcy system to obtain an unfair advantage over him.[1]

    For the reasons stated herein, the court concludes that, while the Debtor has an absolute right to

---

[1] Mr. Walsh alleges that, pre-petition, he had an agreement with the Debtor to purchase the property that the Debtors sold to a third-party on August 31, 2007. From the anticipated sale proceeds, the Debtor was to pay him about $103,000 to satisfy previous indebtedness. In Mr. Walsh's view, the Debtor improperly prevented him from purchasing the property pursuant to their agreement by filing bankruptcy, used the Bankruptcy Code's automatic stay to "prevent [him] from securing [his] position," and, after the Debtor obtained a third party buyer, moved quickly to dismiss his case and execute the sale to a third-party before Mr. Walsh could "take appropriate measures to protect [his] interest."

1

dismiss his Chapter 13 case, the Clerk acted appropriately in allowing parties in interest an opportunity to respond to the Debtor's motion to dismiss his case before sending the dismissal order to the court for signature.  Although a creditor cannot compel conversion of a Chapter 13 case to one under Chapter 7 for bad faith when a debtor files a motion to dismiss his or her Chapter 13 case, notice to parties in interest is appropriate to – at a minimum – allow those parties an opportunity to request that a debtor's dismissal be conditioned pursuant to § 349.  However, the court also concludes that, given the voluntary nature of Chapter 13, an order granting a § 1307(b) request for a dismissal should be entered *nunc pro tunc* to the date of the filing of the request.  Therefore, the court will overrule Mr. Walsh's objection to the Debtor's motion to dismiss and deny his motion to set aside the sale of the Debtor's property as being unauthorized by § 363 of the Bankruptcy Code.

**A.      "Absolute" Dismissal Under 11 U.S.C. § 1307(b)**

The Debtor asserts that the Clerk acted improperly in allowing parties in interest an opportunity to object to entry of the order proposed by the Debtor to voluntarily dismiss his case.  The Debtor contends that his right to dismiss his Chapter 13 bankruptcy case is absolute based on the unambiguous language of § 1307(b), which provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter."  Because the Debtor's case has not been converted under § 707, 1112, or 1208, the Debtor states that his case should have been dismissed the moment he filed his voluntary motion to dismiss.  *E.g.*, *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 619 (2d 1999) ("We hold that a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision."); *Horton v. Glenn (In re Horton)*, No. 05-126, 2006 U.S. Dist. LEXIS 9304 at *11 (D. Ariz. March 3, 2006) ("[T]he Court finds that the Ninth Circuit has clearly stated, albeit in dicta or in cases brought under different sections of the Bankruptcy Code, that it interprets section 1307(b) to provide an absolute right of dismissal if such a motion is timely.") (citing *Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 857 (B.A.P. 9th Cir. 1994)); *In re Jourdan*, 108 B.R. 1020, 1021 (Bankr. N.D. Iowa 1989) ("[S]ection 1307(b) of the Bankruptcy Code gives a Chapter 13 debtor the absolute right to dismiss its case.").

At least two basis have been advanced for noticing parties in interest of a debtor's desire to

2

voluntarily dismiss a Chapter 13 bankruptcy case before entry of the order granting the motion: (1) some courts have determined that the right to voluntarily dismiss a Chapter 13 case under § 1307(b) is tempered by another party's right to seek conversion of the Chapter 13 case to one under Chapter 7 pursuant to § 1307(c); and (2) parties in interest may seek to have the court condition a debtor's dismissal of a Chapter 13 case under § 349, by, for example, imposing a bar to refiling.[2]

### 1.     Interplay Between § 1307(b) and (c).

One rationale that is used for requiring that a debtor's voluntary motion to dismiss a Chapter 13 case be noticed to parties-in-interest before entry of a court order granting the motion is that other parties may desire to have the debtor's case converted to Chapter 7 in lieu of a dismissal.

Section § 1307(c) of the Bankruptcy Code, provides that, "on request of a party in interest . . . the court may convert a case under this chapter to a case under chapter 7 of this title . . . ."  When read together with § 1307(b), however, both provisions cannot be given effect at the same time inasmuch as a right to voluntarily dismiss a Chapter 13 case cannot be both absolute under § 1307(b), and conditional under § 1307(c).  *See* § 1307(b) ("On request of the debtor at any time . . . the court shall dismiss a case under this chapter."); *In re Patton*, 209 B.R. 98, 100 (Bankr. E.D. Tenn. 1997) ("[T]he statutory scheme set forth in § 1307 is not consistent. In the event of competing motions filed under subsections (b) and (c), one subsection will inevitably prevail at the expense of rendering the other subsection a nullity.").  Whether a debtor's right to dismiss a case under § 1307(b) is conditioned on another party's right to seek a conversion of the case under § 1307(c) is not an issue that has been addressed by the Court of Appeals for the Fourth Circuit.  *In re Davis*, 352 B.R. 758, 763 (Bankr. D.S.C. 2006) ("There is no controlling precedent in the Fourth Circuit.").

In taking the view that the right to voluntarily dismiss a Chapter 13 case is absolute – and not conditioned on a party's right to seek a conversion under § 1307(c) – the Court of Appeals for the Second Circuit reasoned: (1) by using the term "shall," § 1307(b) unambiguously requires dismissal of the

---

[2] Under the plain language of 11 U.S.C. § 1307(b), a previous conversion of a case under §§ 706, 1112, or 1208 may be a barrier to the dismissal of a Chapter 13 case.  A previous conversion, however, is readily ascertainable from a case's docket sheet, and if no previous conversion is noted, the language of § 1307(b) would not be a reason to delay entry of the order dismissing the case.

3

bankruptcy case and leaves the bankruptcy court with no discretion; (2) Chapter 13 is intended to be purely voluntary, and 'to allow a creditor to convert a Chapter 13 case to a Chapter 7 liquidation notwithstanding a pending motion to dismiss filed by a debtor would permit the creditor to effectuate an involuntary petition without the need to satisfy the requisites of § 303'; (3) the argument that the existence of an absolute right to convert under § 1307(b) would nullify a creditor's right to seek a conversion under § 1307(c) "carries no weight since either party could make the same argument; (4) a bankruptcy court's inherent § 105(a) equitable powers cannot be used by the court in contravention of the express statutory language of § 1307(b); and (5) adequate safeguards already exist to curtail a debtor's inequitable conduct, such as Rule 11 sanctions, leaving the parties to State law remedies, filing of an involuntary bankruptcy petition under § 303, or referring conduct to the United States Attorney's Office for potential prosecution for bankruptcy fraud. *Barbieri*, 199 F.3d at 619-22.

Other rationale advanced for supporting a debtor's absolute right to dismiss under § 1307(b) include: (6) Congress demonstrated that it was mindful on how to limit a debtor's right to dismiss by restricting dismissals in cases that had been previously converted – the fact that no other limitation on a right to convert is expressly stated indicates Congress's intent that a motion to dismiss should prevail over a motion to convert; (7) the legislative history indicates that a debtor has a right to dismiss a case "without qualification" and that a court is required to dismiss the case upon the request of the debtor; and (8) an absolute right to dismiss is consonant with the purposes of Chapter 13, which is a voluntary chapter based on the premise that no one should be compelled to work for a creditor. *E.g.*, S. Rep. No. 989, 95th Cong. 2d Sess 141 (1978) ("Subsections (a) and (b) confirm, without qualification, the rights of a chapter 13 debtor to convert the case to a liquidating bankruptcy case under chapter 7 of title 11, at any time, or to have the chapter 13 case dismissed."); H.R. Rep. No. 595, 95th Cong., 1st Sess 428 (1977) ("Subsection (b) requires the court, on request of the debtor, to dismiss the case if the case has not already been converted from chapter 7 or 11."); *In re Greenberg*, 200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("If Congress intended to limit the absolute right to dismiss in such cases, it knew how to express this limitation; section 1307(b) denies the debtor an absolute right to dismiss if the case was previously converted under sections 706, 1112 or 1208."); *In re Harper-Elder*, 184 B.R. 403, 408 (Bankr. D.C. 1995) ("Chapter 13 was intended to be purely voluntary chapter . . . .").

4

In taking the opposite view that the right to voluntarily dismiss a Chapter 13 case is conditional based on a creditor's right to request a conversion to Chapter 7 pursuant to § 1307(c), the Court of Appeals for the Eighth Circuit reasoned: (1) the broad purpose of the Bankruptcy Code is best served by interpreting § 1307(c) to allow a court to convert a case to Chapter 7 upon a showing of fraud; (2) a court must look to the overall purpose and design of a statute as a whole, rather than viewing one subsection in isolation, and (3) allowing an absolute right of dismissal under § 1307(c) renders § 1307(c) a dead letter and opens up the bankruptcy court to a myriad of potential abuses. *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218, 220 (8th Cir. 1996).

Other rationale advanced for supporting the conclusion that a debtor's absolute right to dismiss under § 1307(b) is conditioned by § 1307(c) include: (4) § 1307(b) requires that a debtor "request" dismissal, which indicates that the court has the power to grant or deny that request – § 1307(a), which provides a debtor with the absolute right to convert a Chapter 13 case to one under Chapter 7 contains no similar requirement that the conversion be "requested"; (5) Fed. R. Bankr. P. 1017(f) provides that in cases of conversion, the conversion is effective without court order as soon as the debtor files the notice – no similar Rule is applicable when a debtor seeks to dismiss a Chapter 13 case under § 1307(b); (6) § 105(a) allows a court to issue orders to prevent an abuse of process so that the a court need not be a legal playground for bad faith debtors; and (7) conversions under § 1307(c) need not be consensual, allowing a debtor an absolute right to dismiss a case under § 1307(b) would effectively make conversions under § 1307(c) a consensual process. *E.g.*, *In re Gaudet*, 132 B.R. 670, 674-75 (D.R.I. 1991) ("The Bankruptcy Court need not allow itself [pursuant to § 105(a)] to be used 'as a legal play-ground or revolving door, [for] filing and dismissing cases at will so as to delay, frustrate and harass legitimate creditor interests.' . . . [C]onsent of the debtor is not required for conversion."); *In re Fonke*, 310 B.R. 809, 814 (Bankr. S.D. Tex. 2004) (a debtor cannot "request" a dismissal when the "request" is in bad faith); *In re Crowell*, 292 B.R. 541, 543 (Bankr. E.D. Tex. 2002) ("A notice is not a proper means of dismissing a Chapter 13 case.").

Regarding this split of authority, this court concludes that a debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is absolute and is not conditioned by § 1307(c). Importantly, sufficient safeguards against abuse are already present without the need to evade the plain language of § 1307(b).

5

Possible remedies include Rule 11 sanctions, allowing parties to pursue state law remedies, filing an involuntary petition under § 303, referring conduct to the United States Attorney's Office for possible criminal prosecution, and most importantly, conditioning the dismissal pursuant to 11 U.S.C. § 349, which is more fully further explained below in Part 2. A court's ability to condition dismissal pursuant to § 349 also explains why § 1307(b) and Fed. R. Bankr. P. 1017(f)(2) require a debtor to request a dismissal pursuant to a motion instead of making the dismissal automatic, as in the case of a conversion under 11 U.S.C. § 1307(a) and Fed. R. Bankr. P. 1017(f)(3).

Moreover, allowing a debtor an absolute right to dismiss a Chapter 13 case under § 1307 is consonant with the voluntary nature of Chapter 13, and with the ability of the court to address bad faith conduct using tools other than § 1307(c). The court does not believe that using § 105(a) to overcome the express wording of § 1307(b) is an appropriate use of the court's inherent equitable power. *E.g.*, *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) (stating that § 105(a) is generally regarded as not authorizing "the bankruptcy courts to create substantive rights otherwise unavailable under applicable law" and it is not to be construed as "a roving commission to do equity.").[3]

---

[3] The court notes that the United States Supreme Court recently addressed limitations of a debtor's "absolute" right to convert a Chapter 7 case to one under Chapter 13. In *Marrama v. Citizens Bank*, 127 S. Ct. 1105 (2007), the Court was asked to determine whether the Bankruptcy Code allows a bad faith debtor an absolute right to convert one Chapter 7 case to Chapter 13, even if cause exists under § 1307(c) to reconvert the case back to Chapter 7. *Id.* at 1107. Of particular importance was § 706(d) of the Bankruptcy Code, which provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." *Id.* at 1108-09. As explained by the Court, "a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of pre-petition bad faith conduct . . . is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13." *Id.* at 1111. The Court concluded:

> Nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor. On the contrary, the broad authority granted

6

Furthermore, nothing in the court's decision renders § 1307(c) a "dead letter." Indeed, a debtor often resists a party's request to dismiss a case and is desirous of remaining in Chapter 13, in which event § 1307(c) is not rendered a consensual process. Given that other mechanisms exist to prevent a debtor from abusing Chapter 13 of the Bankruptcy Code, and that § 1307(c) continues to be applicable in the vast majority of issues arising before the court, this court sees no reason why it should ignore the unambiguous language of § 1307(b), which plainly states that, "[o]n request of the debtor at any time . . . the court shall dismiss a case under this chapter." Accordingly, even in the presence of alleged fraudulent or bad faith conduct, a debtor has an absolute right to dismiss a Chapter 13 case.

### 2.   Conditioning the Dismissal under 11 U.S.C. § 349

Concluding that the Debtor has an absolute right to dismiss a voluntary Chapter 13 case that is not tempered by a creditor's right to request a conversion of the case under s 1307(c), the court nonetheless holds that the Clerk acted appropriately in sending the Debtor's motion to dismiss to parties in interest to see whether any party wished to file a response. More specifically, parties in interest are entitled to request that the Debtor's motion to dismiss be conditioned pursuant to § 349.[4]   *E.g.*, *Davis*, 352 B.R. at 765

---

> to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.

*Id.* at 1111-12 (footnotes omitted).

*Marrama* is distinguishable from this case inasmuch as *Marrama* concerns a conversion of a Chapter 7 case under § 706(a), and this case concerns a dismissal of a Chapter 13 case under § 1307(b). *In re Davis*, No. 06-1005, 2007 Bankr. LEXIS 1751 at *5 n.1 (Bankr. M.D. Fla. May 16, 2007 ("[T]he *Marrama* decision is not applicable, as the sole issue in the instance case is Mrs. Davis' absolute right to dismiss the Chapter 13 case as to herself, under 11 U.S.C. § 1307(b)."). Here, the Debtor is seeking a dismissal of his Chapter 13 case and not a conversion to another Chapter; thus, no analogue such as § 706(d) of the Bankruptcy Code exists, and pursuant to *Ahlers*, 485 U.S. at 206, using the court's equitable powers in direct contravention of § 1307(b) would be inappropriate.

[4] The court is not suggesting that this is the only reason to require that a motion to voluntarily dismiss a Chapter 13 case under § 1307(b) be sent out on notice to parties in interest. *See, e.g.*, *In re Harper-Elder*, 184 B.R. 403, 408 (Bankr. D.D.C. 1995) ("Faced with competing voluntary and

7

("Notice to creditors and an opportunity for a hearing is required because, if for no other reason, the court may condition the dismissal as provided by § 349."); *In re Greenberg*, 200 B.R. at 767 ("[A] dismissal with conditions does not contravene the debtor's absolute right to dismiss her case under section 1307(b).").

Section 349(a) of the Bankruptcy Code states that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title . . . ." When read in tandem with a debtor's right to an absolute dismissal of a Chapter 13 case under § 1307(b), nothing in § 349 prohibits a debtor from obtaining a dismissal; rather, § 349 determines the effects of the dismissal, and may prohibit the debtor from filing future cases to allow other parties time to pursue non-bankruptcy remedies against a debtor.

Dismissing a case with prejudice, or issuing an injunction against future filings for a period of time, is a severe sanction. *E.g.*, *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997) ("[A] dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct."); *Hall v. Vance*, 887 F.2d 1041, 1045 (10th Cir. 1989) ("Dismissal with prejudice is a severe sanction to which the courts should resort only infrequently."). Before a court may condition the dismissal of a case under § 349, the court should afford the debtor with notice and an opportunity for a hearing inasmuch as some evidence of bad faith and prejudice to creditors must be present. *E.g.*, *Hall*, 887 F.2d at 1046 (affirming the dismissal of the case, but vacating the order that made the dismissal with prejudice when no party could demonstrate prejudice based on the debtors' late filed documents); 3 *Collier on Bankruptcy* ¶ 349.02[2] (Alan N. Resnick & Henry J. Sommers eds. 15th ed. rev. 2007) ("[A] dismissal with prejudice should be ordered only after full opportunity for a hearing . . . .").

Some authority exists holding that no notice or hearing is required when a debtor seeks to

---

involuntary petitions the court would rightfully afford the petitioners of the involuntary petition the opportunity to demonstrate prejudice before dismissing or consolidating the cases pursuant to Fed. R. Bankr. P. 1015(a).").

8

voluntarily dismiss a case under § 1307(b). *E.g.*, *In re Rebeor*, 89 B.R. 314, 322-23 (Bankr. N.D.N.Y. 1988) (" 'Where dismissal is granted pursuant to the debtor's request, the court is not even required to hold a hearing on notice prior to dismissal.' ") (citation omitted). Contrary to this conclusion, Fed. R. Bankr. P. 1017(f)(2) expressly provides that "dismissal under . . . § 1307(b) shall be on motion filed and served as required by Rule 9013." In turn, Fed. R. Bankr. P. 9013 provides: "A request for an order . . . shall be by written motion." As a corollary, Fed. R. Bankr. P. 9014 states that "[i]n a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion." In explaining the interplay between Rules 9013 and 9014, William L. Norton, Jr., and William L. Norton, III, relate:

> Rule 9013 seems to imply that any proceeding that is initiated by or denominated a 'motion' commences a 'contested matter' under Rule 9014. But, Rule 9014 permits the court to direct a response to the motion. If a response is filed which creates an issue, then, consistent with Code § 102 (Rules of Construction), a notice and a hearing before a Bankruptcy Judge is expected. If no response is filed, the court may omit a notice and hearing and may consider the motion ex parte.

William L. Norton, Jr., and William L. Norton, III *2007 Norton Quick Reference Pamphlet, Bankruptcy Code and Rules*, 370 (2007). *See also* Fed. R. Bankr.P. 9013, Advisory Committee Note (1987) ("[D]ismissal . . . pursuant to . . . § 1307(b) is not automatically a contested matter under Rule 9014. . . . No hearing is required on [a § 1307(b)] motion unless the court directs.").

This court believes that the better procedure is for the Clerk to issue a notice with a stated response deadline to parties in interest of a Debtor's motion to voluntarily dismiss a Chapter 13 case under § 1307(b) before entering the order granting the motion. This way, the court can ascertain whether or not any party seeks to have the court condition the debtor's dismissal based on bad faith or other inequitable conduct without the necessity of having to adjudicate subsequent motions for relief of that order pursuant to the standards set forth in Fed. R. Bank. P. 9023 and 9024, which make Fed. R. Civ. P. 59 and 60 applicable to bankruptcy cases.

**B.    Effective Date of an Order of Dismissal Pursuant to 11 U.S.C. § 1307(b)**

The Debtor contends that his dismissal was effective as of August 29, 2007, which is the day that

9

he filed his motion to voluntarily dismiss his case. Although the court has not yet entered the Debtor's order of dismissal, the court agrees that a *nunc pro tunc* order is appropriate given the general rule that no debtor can be compelled to remain in a Chapter 13 case.

Ordinarily, "[d]ismissal is not effective until an order giving notice of the dismissal is entered on the court's docket." *In re Gaudet*, 132 B.R. 670, 675 (D.R.I. 1991); *see also* Fed. R. Bankr. P. 9021 ("A judgment is effective when entered as provided in Rule 5003); Fed. R. Bankr. P. 5003(a) ("The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case . . . ."); *Traub v. Beatty (In re Beatty)*, 162 B.R. 853, 857 (B.A.P. 9th Cir. 1994) ("We determine that the conversion is not effective upon the oral ruling. Various rules of procedure recognize that the effective and operative date of an order is the date of entry on the docket.") Thus, the mere filing of a motion to dismiss under § 1307(b) does not divest a court of jurisdiction to consider the motion. *Gaudet*, 132 B.R. at 675.

An exception to the effective date of a judgment or order exists, however, when a court enters a judgment or order *nunc pro tunc* to the date of the filing of the motion. In the context of an unauthorized extension of credit under 11 U.S.C. § 364, the court in the case of *In re American Cooler Co., Inc.*, 125 F.2d 496, 497 (2d Cir. 1942), articulated the general standards by which a court should grant a *nunc pro tunc* order. Namely, the judge should (1) be confident that he would have authorized the transaction if a timely application had been made; (2) be reasonably persuaded that the creditors have not been harmed; and (3) take into account, as bearing on the good faith of the debtor, whether it honestly believed that they had authority to enter into the transaction. *Id.*

Allowing a debtor to immediately dismiss a Chapter 13 case pursuant to 11 U.S.C. § 1307(b) is consistent with the voluntary nature of Chapter 13 cases. As stated in the Report of the House Judiciary Committee at the time of the 1978 Act:

> As under current law, chapter 13 is completely voluntary. This Committee firmly rejected the idea of mandatory or involuntary chapter XIII in the 90th Congress. The thirteenth amendment prohibits involuntary servitude. . . . On policy grounds, it would be unwise to allow creditors to force a debtor into a repayment plan. An unwilling debtor is less likely to retain his job or to cooperate in the repayment plan, and more often than not, the plan would be preordained to fail. Therefore, the bill prohibits involuntary cases under chapter 13, and forbids the conversion of a case from chapter 7, liquidation, to chapter 13, unless

10

the debtor requests.

H. Rep. 595, 95th Cong., 2nd Sess. 120 (1978), reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6080-81 (footnotes omitted).

Accordingly, the court concludes that orders dismissing a Chapter 13 case pursuant to a debtor's request for a voluntary dismissal under § 1307(b) should be granted *nunc pro tunc* to the date of the filing of the motion inasmuch as such an order preserves both the absolute right of a debtor to dismiss a Chapter 13 case, and protects the rights of other parties to request that the dismissal of a debtor's case be conditioned under § 349. With regard to the general standards set forth in *American Cooler* for granting *nunc pro tunc* relief, no prejudice to creditors can exist considering the voluntary nature of Chapter 13, and debtors are entitled to rely, in good faith, on the plan language of § 1307(b) to continue their pursuits as if the Chapter 13 case were dismissed on the day that the request was made.

**C.     Conclusion**

For the above-stated reasons, the court will enter the order dismissing the Debtor's case *nunc pro tunc* to August 29, 2007, the day that the Debtor filed his motion to dismiss under § 1307(b). The court will deny Mr. Walsh's motion to set aside the sale of the Debtor's property as unauthorized under 11 U.S.C. § 363. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.